## Boston and Maine Railroad *vs.* Joseph H Bartlett & another.

Specific performance of an agreement to convey land to a railroad corporation will not be decreed on a bill in equity filed by them more than three years after the other party has refused to perform it, and after they have located their road over other land including but a small portion of this, and after this land has greatly increased in value, without any steps taken by the corporation meantime to enforce the agreement.

Bill in equity, filed June 13th 1847, for the specific performance of the following agreement, signed by the defendants, and renewed by them in writing on the 30th of April 1844 for thirty days : " To the President and Directors of the Boston and Maine Railroad. Gentlemen, We the undersigned being the owners of a lot of land on the Mill Creek, we do hereby agree to sell the same to you or your representatives, for the sum of twenty thousand dollars, if taken within thirty days from date. Boston, April 1st 1844."

The plaintiffs on the 29th of May 1844 orally accepted the proposition, tendered the purchase money to the defendants, and requested a conveyance ; but the defendants, in consequence of a dispute, which had arisen between the parties, whether the buildings upon the land were included in the agreement, refused to execute a conveyance of the land or to perform the contract.

The plaintiffs afterwards located their road, and included in the location a small portion of this land ; and on the 7th of June 1847 the defendants petitioned the mayor and aldermen of Boston to assess damages for the land so taken.

The defendants introduced testimony that the land greatly increased in value between the 29th of May 1844 and the 13th of June 1847, in consequence of the construction of the railroads of the plaintiffs and the Fitchburg Railroad Corporation, and of a great fire which destroyed many old buildings in that neighborhood.

The case was argued upon the bill, answer and proofs, from which it appeared to be as above stated.

*R. Choate & C. P. Judd,* for the plaintiffs. The plaintiffs are entitled to a specific performance. It is admitted that the contract is certain and definite, fair and reasonable, and that the plaintiffs have made a sufficient offer to perform it on their part.

The plaintiffs have not abandoned the contract. *Remington* v. *Irwin,* 14 Penn. State R. 143. *Tiernon* v. *Roland,* 15 Penn. State R. 441. *Reynolds* v. *Nelson,* Mad. & Geld. 18. *Robinson* v. *Page,* 3 Russ. 119.

The delay in bringing the bill was no abandonment. It was filed as soon as the defendants filed their petition for damages. In this respect the case falls directly within *Western Railroad* v. *Babcock,* 6 Met. 346. Rise in value of the land is very difficult to be established, and there is no case in which this of itself has been deemed ground for defeating such a bill. See 6 Met. 357. And the rise is due to acts which were in contemplation of the parties at the time of the agreement.

*B. R. Curtis & H. C. Hutchins, (J. P. Healy* with them,) for the defendants.

BY THE COURT. A bill for the specific performance of a contract cannot be maintained as matter of strict right in every case in which a contract, valid in law, has been broken. It is an application to the discretion of the court, to its judicial discretion, guided by established principles. Any delay which shows that the party has not used reasonable diligence in applying for the aid of a court of equity will lead the court to refuse specific performance. 1 Sugd. Vend. (11th ed.) 235, 288. *Millward* v. *Thanet,* 5 Ves. 720 note. *Southcomb* v. *Exeter,* 6 Hare, 219–224, & note, & cases cited.

When this case was before us upon a demurrer to the bill, the only ground upon which the defendants insisted was, that their agreement was without consideration ; and that was held to be no sufficient objection to the maintenance of the bill. 3 Cush. 224. But the case is now more fully exhibited to the court, and shows that the plaintiffs have been guilty of great laches. The contract for the sale of the land was made in April 1844. The plaintiffs performed their part of the contract on the 29th of May of the same year, and the defendants then dis

tinctly and absolutely refused to perform it on their part. No bill was filed for more than three years after the final refusal of the defendants to perform the contract, and this long delay in applying for the enforcement of the contract is left by the plaintiffs entirely unexplained. These facts would of themselves make us hesitate to give the plaintiffs the equitable relief which they seek. *Walker* v. *Jeffreys*, 1 Hare, 348, & cases cited. *Rogers* v. *Saunders*, 16 Maine, 92.

But there are other circumstances which tend to show that it would be inequitable to grant the relief asked for. The fact that the land which was the subject of the contract had greatly increased in value after the refusal to perform the contract and before the filing of this bill is entitled to some weight. *Holt* v. *Rogers*, 8 Pet. 434. The plaintiffs, having signed no agreement, could never have been compelled by the defendants to take the land. *Jacobs* v. *Peterborough & Shirley Railroad*, 8 Cush. 223. If the plaintiffs had themselves brought their action at law, the limit of their damages would have been the difference between the contract price and the value of the land at the time of the breach. *Old Colony Railroad* v. *Evans*, 6 Gray, 25. The location of the plaintiffs' road over a small portion only of this land, under the power conferred upon them by their charter, also indicated their intention to abandon this contract, or at least does not exhibit any intention to rely upon it. In the case of *Western Railroad* v. *Babcock*, 6 Met. 346, cited by the plaintiffs, there never had been any doubt that the plaintiffs intended to rely on the agreement, and they had located and constructed their railroad accordingly.

Having thus by their acts and laches for three years induced the other party to suppose that they have abandoned this contract, it is too late to apply to this court to enforce it.

*Bill dismissed, without costs.*