[Filed January 10, 1887.]

## W. S. POWELL v. DAYTON, SHERIDAN & GRANDE RONDE R. R. CO.

CONTRACT—DEPENDENT AND INDEPENDENT COVENANTS.—Covenants whereby the defendant agrees to purchase of the plaintiff, on or before the expiration of the term of five years the property described, and that on the said payment by the said defendant the said plaintiff agrees to make to said company a good and sufficient deed, etc., are dependent covenants.

SAME—CONSTRUCTION.—In construing contracts it is a primary rule that the intention of the parties is to govern; but when the language of the contract will admit of it, justice and convenience incline to the construction of a simultaneous performance.

YAMHILL COUNTY.   Defendant appeals.   Reversed, and complaint dismissed.

*H. H. Northup,* for Appellant.

*James K. Kelly,* for Respondent.

LORD, C. J.—This case is reported in 12 Or. 488. It comes now on demurrer to an amended complaint. The only question involved and to be determined is, whether the covenants in the agreement are dependent or independent. At the former hearing, we held that they were dependent, and we are now urged to reconsider the grounds of that decision. The provision in the contract in respect to the purchase and payment is, that the defendant " agrees to purchase of said Powell, and pay the said Powell, on or before the expiration of the said term of five years " * * * and that " on the said payment of said company, * * the said Powell contracts and agrees to make and deliver to said company a good and sufficient deed," etc.

In construing contracts, it is a primary rule that the intention of the parties must control, and this equally applies when the inquiry is directed to ascertaining whether the covenants in a contract are dependent or independent. It must be said, however, that when the language of the contract will admit of it, justice and general convenience incline to the construction of a simultaneous performance.

Said Thompson, J., in *Bank of Columbia* v. *Hagner*, 1 Peters, 464: " In contracts of this description, the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears. A different construction in many cases would lead to the greatest injustice, and a purchaser might have payment of the consideration money enforced upon him, and yet be disabled from procuring the property for which he had paid it * * * The seller ought not to be compelled to part with his property, without receiving the consideration, nor the purchaser to part with his money, without an equivalent in return. Hence, in such cases, if eith-

er a vendor or vendee wishes to compel the other to fulfill his contract, he must make his part of the agreement precedent, and cannot proceed against the other without an actual performance of the agreement, or a tender and refusal. And an averment to that effect is always made in the declaration containing dependent undertakings, and that averment must be supported by proof."

In *Ackley* v. *Richardson* the court said : " Such is the ordinary understanding and intention of the parties, in whatever language the scrivener may clothe their contract. They intend to create what are denominated concurrent or dependent covenants, and not those called independent, where each party must rely on the promise and not on the performance of the other." But it is argued that the words, " on the payment of said company," indicate the order of time in which the intent of the transaction requires their performance, and mean that the payment was to precede the execution and delivery of the deed ; and consequently, that the covenants are not mutual or concurrent, but independent. The basis of this argument rests upon the preposition "on," and this is certainly giving to that word an import and an effect not countenanced by any judicial authority, when employed in a similar connection. In a contract for the sale of real property, where the purchaser covenants to pay the purchase money, and the vendor covenants to convey the premises at the time of payment, or on or upon the payment of money, or as soon as it is paid, the covenants are mutual and dependent, and neither can sue without showing a performance, or an offer to perform. Considering the variety of respects in which this question has been presented, the authorities are numerous and uniform in holding such covenants to be dependent.

In *Johnson* v. *Wygant*, 11 Wend. 48, the covenant reads : " *And upon the payment thereof I am to receive from said Johnson a good and warrantee deed of said land.*" The court says : " The payment of the last installment on the whole consideration money, and the giving of the deed, were to be concurrent acts. Upon the payment of the money the deed was to be

given.   It is well settled that covenants like these are depend-
ent, and that neither party can recover against the other with-
out averring a tender of performance on his part: a mere read-
iness to perform is not sufficient."

In *Troy* v. *Johnson*, 22 How. Pr. 325, the plaintiff agreed
to sell to the defendant the farm, and execute and deliver the
deed, "provided, and upon condition" that the defendant
should pay him the sum of $19,000.   The court says: "The
words provided and upon condition do not render them other
than dependent.

Similar language was used in the agreement in which the
action was brought, in *Beecher* v. *Conradt*, 3 Kern. 108.   The
words there were "upon the express condition," and it was
held that the covenants were dependent, notwithstanding these
words.   "In such case, when the delivery of the deed by one
party and payment by the other are dependent the one on the
other, neither party can maintain an action for the breach
without showing performance, or an offer to perform on his
part."   (*Van Schaick* v. *Winne*, 16 Barb. 89; *Garlock* v.
*Lane*, 15 Barb. 359; *Beecher* v. *Conradt*, 3 Kern. 108; *Stev-
enson* v. *Maxwell*, 2 Comst. 408; *Culver* v. *Burger*, 21 Barb.
324; *Williams* v. *Heeley*, 3 Denio, 363; *Hepburn* v. *Auld*,
1 Cranch. 321; *Dunham* v. *Mann*, 4 Seld. 508; *Lester* v.
*Jewett*, 1 Kern. 453; *Cunningham* v. *Jones*, 20 N. Y. 486;
*Baker* v. *Higgins*, 21 N. Y. 397.)

In *Courtright* v. *Deeds*, 38 Iowa, 507, the instrument
obligated the defendant to pay five hundred dollars upon a
condition expressed in these words: "Provided, that upon
such payment there shall be delivered to me a certificate of
stock," etc.   The court say: "It has been held that the use of
the words *upon* and *on*, occurring in a like connection, makes
covenants dependent.   (*Adams* v. *Williams*, 2 Watts, 227;
*Halloway* v. *Davis*, Wright [Ohio], 129; *Taylor* v. *Rhea*,
10 Ala. 414.)   It clearly has that force in the obligation in suit.
The word "upon" indicates, in the connection found in the
instrument, a state of dependence, which is extended to the
covenant of the defendant by use of the word *provided*.   The

covenant of defendant to pay the sum of money specified in the contract, and the obligation of the plaintiff to deliver the stock certificates being mutual and dependent, to give plaintiff a right of action it is necessary that he perform, or tender a performance, of his covenants. (*School Dist.* v. *Rogers,* 8 Iowa, 316 ; *Burryhill* v. *Byington,* 10 Iowa, 223 ; *Winton* v. *Sherman,* 20 Iowa, 295. See also, *Bailey* v. *White,* 3 Ala. 331 ; *Hill* v. *Grigsby,* 35 Cal. 663 ; *Felter* v. *Weybright,* 8 Ohio, 168.) In the event the option given the defendant was not exercised (which it is unnecessary now to consider) the contract bound the defendant to purchase on a particular day and at a fixed sum. It was to be a cash transaction, no credit whatever being given. Now, what was the defendant bound to do in order to make such purchase? It certainly was not bound to pay the price agreed upon without receiving anything in return. " A cash purchase," said Edwards, J., " can only be made by a payment of the purchase money on the one side, and the delivery of the thing purchased on the other. These are, and must necessarily be, concurrent acts. The purchaser is not bound to pay the purchase money, unless he receives the thing purchased; and how can it be said that he has refused to receive the thing purchased, and to pay the money for it, when he never had the opportunity of receiving it? I cannot perceive how a person can be said to be in default for not doing a thing, when the party who alleges his default and who alone could put it in his power to do the thing had neglected to do so." (*Lester* v. *Jewett,* 1 Kern, 454.)

So far as the lease is concerned, it is wholly distinct and severable from the contract for the sale of the warehouse and property ; and each rests upon a distinct consideration for its operation and effect. The old case of *Glazebrook* v. *Woodrow,* 8 T. R. 370, is a complete answer to the argument on this point. And as the rule is well settled, that in the case of dependent covenants, if either party wishes to compel the other to perform the contract, or to subject him to damages for non-performance, he immediately makes his part of the contract precedent, and cannot proceed against the other without actual

performance of the agreement on his part, or a tender and re-fusal; and as it is admitted this is not nor can be alleged, the judgment must be reversed and the complaint dismissed.