## McCABE v. MATHEWS.[1]

*(Circuit Court, N. D. Florida.   April 15, 1889.)*

1. SPECIFIC PERFORMANCE—LACHES.
    The unexplained delay, for eight years, in enforcing an agreement for a deed, which by its terms was to be performed within three months, constitutes such laches as will prevent a decree for specific performance.
2. SAME—PLEADING—DEMURRER.
    The delay appearing on the face of the bill, advantage may be taken by demurrer.

In Equity.   Bill for specific performance of contract for sale of land. On demurrers to bill.

*H. Bisbee & Son*, for defendant.

TOULMIN, J., *(orally.)*   It is well settled that, where there is great unexplained delay on the part of any of the parties to an agreement, it will constitute an abandonment of the same, and will amount to such laches as will bar a court of equity from decreeing specific performance. In other words, courts of equity will not aid in enforcing stale demands where the party has been guilty of negligence, and has slept upon his rights. The contract, the specific performance of which is here sought, was made on the 10th of February, 1880, and the contract, by its terms,

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

was to be performed within three months from its date. Yet the complainant slept upon his rights until in February, 1888, when, as the bill alleges, he came to Florida to assert and maintain them. Eight years elapsed from the making of the contract before he asserted and endeavored to maintain his rights under it; and nine years elapsed before his bill for specific performance was filed. His unexplained delay amounts to laches. *Pratt* v. *Carroll*, 8 Cranch, 471; Fry, Spec. Perf. § 715; *Holt* v. *Rogers*, 8 Pet. 420. The unreasonable delay appearing from the allegations of the bill, and no valid legal excuse or sufficient explanation being shown, my opinion is that there is no equity in the bill, and that the demurrer to it should be sustained; and it is so ordered.