## McCABE v. MATTHEWS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF FLORIDA.

No. 109. Argued and submitted December 13, 1894. — Decided January 7, 1895.

A decree for the specific performance of a contract for the sale of real
estate does not go as a matter of course, but is granted or withheld
according as equity and justice seem to demand in view of all the cir-
cumstances of the case.

A. contracted with B. in writing for the sale to him of a part interest in
lands in Florida then worth about $300 to be acquired by B. A. paid
B. one dollar, and after that did nothing to assist B. He waited nine
years after the contract was made, nearly as much after he had good
reason to believe that B. repudiated all liability under it, nearly five years
after B. had filed his deed of the property in the public records, two
years after he received actual notice of that fact, and then, when the prop-
erty had reached a value of $15,000, without any tender of money or
other consideration filed a bill for specific performance. Held, that the
long delay was such laches as forbade a court of equity to interfere.

ON March 1, 1889, the appellant, as plaintiff, filed in the
Circuit Court his bill to compel the specific performance of a
contract for the sale of real estate. The defendant demurred
to this bill, on the ground of a lack of equity, which demurrer,
on April 13, 1889, was sustained and the bill dismissed. 40
Fed. Rep. 338. From this decree the plaintiff appealed to
this court.

The facts as disclosed by the bill were that on February 9,
1880, Mrs. F. G. Montgomery, the owner of a tract of land,
containing 1635 acres, in Volusia County, State of Florida,
entered into a written contract for the conveyance thereof to
the defendant Matthews. This contract recited a considera-
tion of one dollar, the receipt whereof was acknowledged, and
the further " consideration of a tract of land situated near
Orange Lake, containing five acres, the same to be planted
out with five hundred orange stumps and the stumps budded
with sweet buds and warranted to grow, and the party of the

second part is to fence the lands and keep the trees from being damaged by stock of any kind;" and provided that the purchase should be at the refusal of the defendant for a period of forty-five days. On February 10. the defendant executed a written instrument, purporting to sell and assign to plaintiff an undivided half interest in the agreement and the land; and thereafter, on the same day, a further contract for the subsequent conveyance of such half interest. This latter instrument was in the following language:

"Whereas Frances G. Montgomery, of St. John's County, Florida, has, on the 9th day of February, 1880, agreed in writing to grant and convey to me by deed all her estate and interest in section 40, in T. 13 S., of R. 32 east, and section 37, in T. 14 S., of R. 32 east, containing 1635 acres, in Volusia County, Florida, subject to my refusal for forty-five days, for the consideration named in her agreement:

"Now, therefore, in consideration of the sum of one dollar to me in hand paid by William McCabe, of Tallahassee, Florida, the receipt whereof is hereby acknowledged, of the further sum of one hundred dollars, for which I am to draw upon said William McCabe with my deed to him, his heirs and assigns, for a one-half undivided interest in said lands attached, when I deliver to said Montgomery the deed to her referred to in said agreement and she makes to me the deed of said lands therein referred to in her said agreement, and of the further sum of fifty dollars to be paid by said William McCabe after the issue of the patent for said lands and the completion of any proceedings founded on said patent, when issued, deemed necessary, in connection with said patent, to fortify the title to said lands and render it more marketable, the expenses connected with which issue and said proceedings connected therewith are to be borne solely by said McCabe, I do hereby sell and assign to said William McCabe, his heirs and assigns, a one-half undivided interest in said agreement of said Montgomery and in said lands so to be conveyed by her to me as aforesaid, and agree to make to the said McCabe, his heirs and assigns, a deed for said interest in said lands and to

attach the same to said draft on him as aforesaid within three months from the date hereof, it being understood that the expenses connected with the claim of one Stephen Snow to said lands or a part of them and all other expenses shall be borne equally by said McCabe and myself as joint equal owners of said lands so to be conveyed as aforesaid.

"In witness whereof I hereto set my hand and seal, at Jacksonville, Fla., this 10th day of February, A.D. 1880.

"(S'd)      J. O. MATTHEWS.  [SEAL.]"

Before the expiration of the forty-five days the defendant notified Mrs. Montgomery of the acceptance of the contract. The plaintiff after the execution of his contracts with the defendant went to the county seat of Volusia County for the purpose of investigating the claims of Stephen Snow, said to be in possession of the lands, or a part thereof. In such investigation he expended his time and money, and obtained valuable information concerning the lands and the title thereto, which he communicated to defendant, and shortly thereafter returned to his home in Toronto, Canada, instructing the defendant to send the deed with the draft as provided in the contract. There he attempted to open a correspondence with defendant, but the last letter received from him was dated June 20, 1880, and though plaintiff subsequently wrote several times he received no answer, and finding that defendant so failed to answer, he caused, on December 23, 1880, his contract to be recorded in the office of the clerk of the Circuit Court of that county. Subsequently the defendant procured a deed for the lands from Mrs. Montgomery, which deed bears date July 1, 1882, and was recorded in the office of the clerk of the Circuit Court of Volusia County on July 14, 1884, and in pursuance of such deed he entered into and has continued in possession. In fraud of plaintiff's rights, and with the purpose to defraud him, defendant kept the fact of the deed and the possession of the lands a secret from plaintiff, who was not informed thereof until the spring of the year 1887, when he received notice thereof from the clerk of the Circuit Court for Volusia County. Plaintiff thereupon

obtained an abstract of the title, whereon appeared the deed from Mrs. Montgomery to defendant. As soon as it was practicable thereafter for him to leave his business affairs, and in February, 1888, he went to Florida to take steps for asserting his rights, and employed counsel, who at once demanded a conveyance to plaintiff of the undivided half interest, and at the same time notified the defendant of the plaintiff's readiness to perform his obligations.

The bill also alleged that plaintiff had always been ready and willing to comply with all the terms of the contract by him stipulated to be kept and performed, but that the defendant wholly refused and still refuses to comply on his part, and further, on information and belief, that defendant had conveyed or attempted to convey, and mortgaged or attempted to mortgage, certain unknown pieces or parcels of the tract. There was no allegation in the bill of any tender of either of the two sums of one hundred dollars and fifty dollars, stipulated by said contract to be paid by plaintiff to defendant, nor was there any allegation of the present value of the property, but after the entry of the decree of dismissal two affidavits were filed by consent of the defendant, showing the value of the tract as a whole at the date of the decree, April 13, 1889, to be over $15,000.

*Mr. Henry Wise Garnett* for appellant.

*Mr. H. Bisbee* for appellee submitted on his brief.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

A decree for the specific performance of a contract for the sale of real estate does not go as a matter of course, but is granted or withheld according as equity and justice seem to demand in view of all the circumstances of the case. *Pratt v. Carroll,* 8 Cranch, 471; *Holt v. Rogers,* 8 Pet. 420; *Willard v. Tayloe,* 8 Wall. 557; *Hennessy v. Woolworth,* 128 U. S. 438.

Tested by this rule, the decision of the Circuit Court was

unquestionably correct. There is no averment in the bill of a tender of any money by plaintiff to defendant, and while it may be that the stipulations in the contract of conveyance by defendant and payment by plaintiff are independent covenants, (*Loud* v. *Pomona Land and Water Company*, 153 U. S. 564,) and that the obligation of conveyance precedes that of payment, yet the omission of a tender is significant upon the question of how much the plaintiff suffers by reason of a refusal to decree specific performance. The only sum which defendant has received is one dollar, and that is the only definite amount which it is shown the plaintiff has expended. It is true the bill alleges that after the contract he went to the county seat of Volusia County, and expended time and money in obtaining information concerning the title, but how much time and money is not disclosed. In other words, the plaintiff, having invested a dollar in this speculation, waits nine years before he comes into a court of equity to ask a decree for the performance of his contract of purchase.

On the other hand, by the agreement between the defendant and Mrs. Montgomery, he was to convey to her a tract of land containing five acres, which he was to plant with five hundred orange stumps, the stumps budded with sweet buds, and guaranteed to grow; to fence the land and keep the trees from being damaged by stock of any kind. By the first instrument executed by the defendant, to wit, the assignment of a half interest in the agreement, the plaintiff was doubtless under obligation to assume the burden of half the consideration to be paid by defendant to Mrs. Montgomery. The second instrument, the contract to convey, upon which this suit is brought, executed the same day, was apparently in substitution of the assignment, and perhaps made the payment of the $150 the equivalent of such half of the consideration. As the defendant obtained a deed from Mrs. Montgomery, it is to be presumed that he fully complied with the terms of his contract with her; that he conveyed the five acres and performed all the work required thereon. Such was his investment over against the plaintiff's one dollar.

While plaintiff was not informed by defendant that the

latter repudiated the contract, he had the very same year good reason to believe that such was the fact, because his letters to defendant were unanswered; indeed, his suspicions were aroused, and in consequence thereof he caused his contract to be recorded before the close of the year 1880. The deed to defendant was duly recorded in July, 1884, and the plaintiff had actual knowledge of this in the spring of 1887. Notwithstanding all this he waits until March 1, 1889, before filing his bill, and, upon the entry of a decree against him, on April 13, 1889, he waits until March 9, 1891, before taking his appeal to this court.

Nowhere on the face of the bill is the value of the property disclosed; nothing to show a value sufficient to give jurisdiction to the Circuit Court, but by the affidavits filed after the decree of dismissal it appears that the entire property was worth at the time of the decree (which was less than a month and a half after the filing of the bill) the sum of $15,000. Great has been the change in the value of the premises! The half interest was worth at the date of his contract, as shown by the stipulated price, but $150, while at the time he brings his suit it is worth $7500. It does not appear that he has done anything towards bringing about such increase of value, and no excuse is shown for his ignorance of the exact condition of affairs, or his inattention to the matter, except his residence in a remote province.

So that we have presented the case of one who, investing a dollar in a proposed purchase of lands, and doing nothing to assist his vendor in furnishing the property or performing the work necessary to be furnished and performed by such vendor to acquire the title to the lands, waits nine years after his contract has been entered into, nearly nine years after he has good reason to believe that such vendor repudiates all liability under the contract, nearly five years after notice has been given by such vendor of his acquisition of the title by filing the deed in the public records, two years after he receives actual notice of that fact, and then without the tender of any money, or other consideration, appeals to a court of equity to compel such vendor to deed to him an interest in land worth

at the time of his contract only $150, and now $7500. It seems to us to be a case of a purely speculative contract on the part of the plaintiff; doing nothing himself, he waits many years to see what the outcome of the purchase by defendant shall be. If such purchase proves a profitable investment, he will demand his share; if unprofitable, he will let it alone. Under those circumstances the long delay is such laches as forbids a court of equity to interfere. The decision of the Circuit Court is right, and it is

*Affirmed.*