Decided 18 December, 1906.

**SPRAGUE v. SCHOTTE.**

87 Pac. 1046.

</div>

VALIDITY OF CONTRACT—CONSIDERATION—MUTUALITY.

A writing to the effect that A agrees to sell his home to B for a stated sum before a certain date by a sufficient conveyance of the fee is not a contract, as it lacks both consideration and mutuality, but is a mere offer of sale, subject to revocation by the vendor and acceptance by the vendee, if not then withdrawn.

From Union : ROBERT EAKIN, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is a suit by A. P. Sprague against A. C. Schotte and

(48th Or.—39)

another to enforce the specific performance of the following written instrument:

"Elgin, Oregon, Feb. 6th, 1905.

This Agreement entered into this sixth day of February, 1905, between A. C. Schotte and A. P. Sprague, both of Elgin, Ore., whereby A. C. Schotte agrees to sell, deliver and transfer by good and sufficient warrantee deed to said A. P. Sprague his homestead on the Wallowa River; legal description is as follows: W. $\frac{1}{2}$ of N. $\frac{1}{4}$, S. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$, N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, of Sec. 26, Tp. 3 North of Range 40 E. W. M., for the sum of sixteen hundred dollars ($1600.00). This agreement is in force from this date to April first, 1905, when it will become void.

A. C. Schotte."

The complaint, after setting out the instrument in full, alleges that on March 8, 1905, the defendant Schotte, without the knowledge or consent of plaintiff, and for the purpose of defrauding him, sold and conveyed the land described in said instrument to his codefendant, the Palmer Lumber Company; that at the time of such purchase the lumber company had full knowledge and notice of the agreement in question and that plaintiff intended to comply therewith; that thereafter, and on the 11th day of March, the plaintiff, without notice or knowledge of the sale and conveyance to the lumber company, tendered to Schotte the full sum of $1,600, the purchase price of the land, and demanded a deed therefor, but that he refused and neglected to make or execute the same. The prayer is for a decree that the lumber company be adjudged to hold the legal title to the property in question in trust for the plaintiff, and for $500 damages. A demurrer to the complaint was sustained, the suit dismissed, and plaintiff appeals.          Affirmed.

For appellant there was a brief and an oral argument by *Mr. C. E. Cochran.*

For respondent there was a brief and an oral argument by *Mr. Charles H Finn.*

Mr. Chief Justice Bean delivered the opinion.

The demurrer was properly sustained. The instrument sued on is not a contract. There is no mutuality, and it is not sup-

ported by any consideration. It is merely a written offer by the defendant Schotte to sell the land therein described to the plaintiff at any time within the period stated, and was subject to revocation prior to acceptance: Bishop, Contracts, § 325; Wharton, Contracts, § 10; *Gordon* v. *Darnell,* 5 Colo. 302; *Dickinson* v. *Dodds,* L. R. 2 Ch. Div. 463; *Litz* v. *Goosling* (Ky.) 21 L. R. A. 127, note. It was capable of being converted into a valid contract by the tender of the purchase money within the time stated and before its withdrawal by Schotte: *Boston & Maine R. Co.* v. *Bartlett,* 3 Cush. 224. But, until such acceptance, there was no contract which could affect the title to the land or give the plaintiff vested rights therein: *Mers* v. *Franklin Ins Co.* 68 Mo. 127; 21 Am. & Eng. Enc. Law (2 ed.), 925. Where an offer like the one in question is accepted, the minds of the parties meet and the contract becomes complete and binding on the giver of the option and all who claim from him with knowledge thereof, and may be enforced against them: *Ross* v. *Parks,* 93 Ala. 153 (8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47); *Haughwout* v. *Murphy,* 22 N. J. Eq. 531; *Barrett* v. *McAllister,* 33 W. Va. 738 (11 S. E. 220). But, until acceptance, it imposes no obligation whatever on either party, and is subject to revocation. The sale of the land by Schotte to the lumber company, as appears from the complaint, was made prior to the acceptance of the offer by the plaintiff and before there was any contract for the sale of such land. The plaintiff, therefore, had at the time no interest in the property, legal or equitable, which he could enforce against Schotte or a purchaser from him. It is unnecessary to consider whether the sale operated as a revocation or withdrawal of the offer. If it did not, and the subsequent acceptance by the plaintiff, without knowledge of such sale, converted the proposal into a valid contract between him and Schotte, such contract would not relate back and affect the title of the land at the time of the sale to the lumber company.

The decree is affirmed.   AFFIRMED.