Argued June 6, decided June 18, 1912.

## COLLINS v. KELLER.

[124 Pac. 681.]

FRAUDS, STATUTE OF — REQUISITES OF MEMORANDUM — AGREEMENT FOR SALE OF LAND—UNCERTAINTY.

1. A memorandum agreement for the sale of real property, which recited the receipt of a certain sum as a deposit for the purchase of

certain property sold for cash on terms that a good and satisfactory title was to be furnished within a reasonable time or the deposit was to be returned, was too uncertain to be enforceable, since it did not disclose who was the buyer or who the seller in the transaction, nor negative the fact that the parties might have been brokers.

CONTRACTS—CONSTRUCTION OF CONTRACT—UNILATERAL CONTRACT.
    2. Such agreement was also unenforceable because only a unilateral agreement.

VENDOR AND PURCHASER—CONSTRUCTION OF CONTRACT—TIME FOR PER-
    FORMANCE.
    3. An agreement for the sale of land, by which the vendor is to furnish title within a reasonable time or return the purchaser's deposit, without specifying the time within which the purchase price is to be paid, must be performed by the purchaser within a reasonable time, which means as soon as it can be done conveniently under all the circumstances.

SPECIFIC PERFORMANCE — QUESTION FOR JURY — REASONABLE TIME FOR
    PERFORMANCE.
    4. Where the facts as to an agreement for the sale and purchase of land are undisputed, it is a question of law for the court to say what is a reasonable time for performance.

SPECIFIC PERFORMANCE — RELIEF — TIME TO SUE — ABANDONMENT OF
    CONTRACT.
    5. Where the evidence in a purchaser's action for specific perform-ance of a contract to sell land showed that more than two years had elapsed before the purchaser offered to make the cash payment which the contract required, although the vendor had sought to either close the transaction or return the deposit and rescind the bargain, and that meanwhile the property had doubled in value, the purchaser's delay amounted to an abandonment of the contract on his part, so that a court of equity would not specifically enforce it.

From Multnomah: JOHN S. COKE, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by Stephen Collins against Amalia Keller to compel specific performance of an alleged agreement for the sale of real property, the only memorandum of which is set forth in the complaint as follows:

"Portland, Oregon, January 30, 1906.
"Received from Stephen Collins one hundred ($100) dollars as a deposit for the purchase of the following described property, to wit: Three and ⅙ acres of land in Multnomah County, located and described as per copy of deed herewith attached, E. M. Marsh and others to

Gustave M. Keller, dated April 9, 1898.    Sold for six thousand ($6,000) dollars, upon the following terms: All cash, a good and satisfactory title to be furnished within a reasonable time or the above deposit to be returned; it is agreed that a full abstract will be furnished and the taxes for this year paid; the present fire ins. policy to be canceled in favor of Mrs. Keller.

"(Signed) Amalia Keller."

The complaint alleges that there was attached to said contract a copy or abstract of deed, and there follows a quoted memorandum in the ordinary form used in abstracts describing certain premises in Multnomah County, Oregon, said to contain 3⅙ acres of land.    The plaintiff alleges tender of $5,900 and the demand for a deed and that the defendant refused to accept the money or convey the property.    Averring also his willingness and ability to pay the money, the plaintiff prays for a specific performance of the alleged contract.

The answer denies all the allegations of the complaint. There are other defenses stated which it is deemed unnecessary to consider for the purposes of this opinion. The circuit court entered a decree according to the prayer of the complaint and the defendant appeals.

REVERSED AND DISMISSED.

For appellant there was a brief over the names of *Mr. John Manning, Mr. Charles W. Fulton,* and *Mr. Robert E. Hitch,* with oral arguments by *Mr. Manning* and *Mr. Fulton.*

For respondent there was a brief and an oral argument by *Mr. William C. Benbow.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The writing quoted is so vague and uncertain in its terms as to be unenforceable within the meaning of *Catterlin* v. *Bush,* 39 Or. 496 (65 Pac. 1064).    For aught that appeared in the instrument the plaintiff and the defendant

may have been brokers, one for the purchaser and the other for the seller; or for that matter both may have been acting as brokers for a purchaser, the plaintiff paying the money to the defendant to be advanced to the owner of the land as earnest money and taking this receipt as a memorandum of the transaction between the two brokers. It is not disclosed who is the buyer or who is the seller in the transaction.

2. Aside from its uncertainty, the memorandum is more decidedly unilateral than that which the court refused to enforce in the case of *Friendly* v. *Elwert,* 57 Or. 599 (105 Pac. 404: 112 Pac. 1085).

3. But if we concede, without deciding, that the memorandum is sufficient within the statute of frauds, and that both plaintiff and defendant were equally obligated by its terms, it cannot escape our notice that, while the title was to be furnished within a reasonable time or the deposit returned, there is no time specified within which the purchase price was to be paid. The operation of the law on a contract thus silent is that the part of the buyer must also be performed in a "reasonable time," which means as soon as it can be done conveniently under all the circumstances.

4. Where the facts are undisputed, it is a question of law for the court to say what is the limit of reasonable time: *Johnson* v. *Arrigoni,* 5 Or. 485.

5. The testimony shows beyond dispute that more than two years elapsed before the plaintiff offered to pay, although the defendant had sought to either close the transaction or return the deposit and rescind the bargain. Meanwhile the property had doubled in value. In the light of these facts, we hold that the plaintiff's long delay amounts to an abandonment of the contract on his part and renders it inequitable within the discretion of a court of equity to specifically enforce an agreement otherwise

in good form:   *Chabot* v. *Winter Park Co.*, 34 Fla. 258 (15 South. 756: 43 Am. St. Rep. 192).

Moreover, by reason of the long delay from the date of the contract to the commencement of the suit on September 24, 1909, the transaction savors so strongly of gambling on the price of real estate wherein the stake of the plaintiff is only $100, as against $6,000 on the part of the defendant, that the contract finds little favor in chancery.

The decree of the court below is reversed, and the suit dismissed, with leave to plaintiff, after he has paid the costs and disbursements of this suit, to take down the $100 tendered and paid into court for him by defendant.

REVERSED AND DISMISSED.