Argued December 20, 1950; affirmed January 31, 1951

ASPINWALL, Executrix, *v.* RYAN et al.

226 P. (2d) 814

532

*Melvin Goode* argued the cause for appellants. On the brief were Goode & Johns, of Albany.

*Orval N. Thompson* argued the cause for respondents. On the brief were Weatherford & Thompson, of Albany.

Before LUSK, Chief Justice, and ROSSMAN, HAY, LATOURETTE and TOOZE, Justices.

HAY, J.

Suit for specific performance of an instrument alleged to be a contract for the sale and purchase of real property.

On November 3, 1942, certain of the defendants, doing business as a partnership under the assumed name of Calapooya Lumber Co., delivered to Ray Aspinwall an instrument in writing as follows:

"We hereby sell to Ray Aspinwall all of SE NE - NE-SE-NW-SE- 40's of section 20 and SW-NW-SE NW and lots 2 and 3 in section 21 all in TWP 14 S Range 2W for $1,000.00 Payment of $100.00 acknowledged balance on delivery of Deed. Dated this 3rd day of November 1942

> "Calapooya Lumber Co.
> "by F. A. Vollstedt
> "partner

"This includes all timber on above property also logs cut and bucked. Does not include mill or other equipment now on property.

> "Calapooya Lumber Co.
> "F. A. Vollstedt"

Thereafter, the partnership transferred all of its assets, including the land described above, to a partnership doing business under the assumed name of Brownsville Timber Co., consisting of two of the mem-

bers of Calapooya Lumber Co. and certain other defendants who were not members of that concern.

Ray Aspinwall died on May 12, 1946. This suit was instituted by his widow, Ruth Marquis Aspinwall, as executrix of his estate and also in her individual right.

The complaint, after reciting the making of said instrument and other formal matters, alleged that Ray Aspinwall, at all times after November 3, 1942, was ready, able and willing to pay the balance of the purchase price; that he demanded of Calapooya Lumber Co. and of Brownsville Timber Co. a deed in his favor conveying title to said property to him, but that they failed to deliver such deed; and that the reasonable market value of the property is $7,000.00. The prayer is for specific performance, or, alternatively, for judgment for damages in the sum of $6,100.00.

The defendants' general demurrer to the complaint was overruled. Thereafter they answered, admitting the execution of the instrument, and generally denying the remainder of the complaint. For affirmative defenses, they pleaded that it would be unfair, unjust and inequitable to grant specific performance in the premises, for the following reasons: (1) Subsequent to the making of the instrument it was orally modified by the reservation of rights of way over the property for logging purposes, following which, in October, 1943, defendants tendered to Ray Aspinwall a warranty deed conveying title to said property to him, subject to such reserved rights of way; (2) Aspinwall failed and refused to pay the balance of the purchase price; (3) plaintiff is chargeable with laches, in that she delayed bringing this suit for an unreasonable period of time, viz., six years and two months from the delivery of the

instrument, during which period the property has increased in value from $1,000.00 to $7,000.00. The affirmative allegations of the answer were put in issue by the reply.

The court, after a hearing, made a formal finding that the equities were with the defendants, and dismissed the suit. Plaintiff appeals.

The fundamental contention of the appellant is that the instrument was an agreement of sale and purchase of real property, whereas the defendants say that it was a mere option.

An option is an agreement by which one binds himself to sell and convey to another certain property at a stipulated price within a designated time, leaving it in the discretion of such other to take and pay for the property. *Durfee House Furnishing Co. v. Great Atlantic & P. Tea. Co.*, 100 Vt. 204, 136 A. 379, 50 A. L. R. 1309, 1312. It is the absence of any obligation on the part of the optionee to purchase the property that distinguishes an option from a contract to sell and purchase. 55 Am. Jur., Vendor and Purchaser, p. 496, § 29.

Whether the instrument is a contract of sale or a mere option is to be determined by the nature of the obligations which it imposes. If it binds one party to sell and the other to purchase the property for a stipulated price, then it is a contract of sale and purchase, the minds of the parties having met upon the proposition and both having assented thereto. *Spencer v. Bales,* 108 Or. 339, 345, 216 P. 746; *Suburban Improvement Co. v. Scott Lumber Co.,* 59 F. 2d 711, 87 A. L. R. 555, 562; James on Option Contracts, p. 10, § 105. On the other hand, if it gives the second party the mere privilege of buying the property if he chooses,

but lays him under no obligation to do so, it is an option. *Strong v. Moore,* 105 Or. 12, 20, 207 P. 179, 23 A. L. R. 1217; *Stelson v. Haigler,* 63 Colo. 200, 165 P. 265, 3 A. L. R. 550, 556; Annotations: 3 A. L. R. 576, 87 A. L. R. 564.

While the instrument uses the term "sell", which would seem to be indicative of a present sale, this court has held that this term is often used interchangeably as indicating a present sale or a contract to sell, and that its meaning is to be determined by reading it in the light of all the other stipulations of the instrument. *Pacific Export Co. v. North Pacific Lumber Co.,* 46 Or. 194, 203, 80 P. 105. See also *Taylor v. Burns,* 203 U. S. 120, 51 L. Ed. 116, 27 S. Ct. 40, 42; 1 Warvelle on Vendors, 2d ed., p. 170, § 128. Instruments using similar terms, but not binding the second party to purchase, have been held by us to be options and not contracts of sale. *Friendly v. Elwert,* 57 Or. 599, 600, 105 P. 404, 111 P. 690, 112 P. 1085, Ann. Cas. 1913A 357 ("* * * terms of sale are as follows: * * *"); *Collins v. Keller,* 62 Or. 169, 171, 124 P. 681 ("* * * Sold for six thousand ($6,000) dollars, * * *"); *Sprague v. Schotte,* 48 Or. 609, 610, 87 P. 1046 ("* * * agrees to sell, deliver and transfer by good and sufficient warrantee deed * * *"); *Strong v. Moore,* 118 Or. 649, 650, 653, 245 P. 505 ("* * * the owners hereby agree to sell and convey unto the purchaser * * *"). See also 55 Am. Jur., Vendor and Purchaser, p. 497, § 29, Note 17. The present contract did not bind the second party to do anything. We hold it to be a mere option.

The $100.00 payment was not intended as consideration for the option. It was simply an advance payment on the purchase price. To constitute a valid option, there must be a valuable consideration therefor apart

from the consideration for the sale. If there is none, the option is in effect a mere offer, and may be withdrawn at any time before acceptance. *Friendly v. Elwert,* supra, at p. 609; *Kingsley v. Kressly,* 60 Or. 167, 172, 111 P. 385, 118 P. 678, Ann. Cas. 1913E 746; *Mossie v. Cyrus,* 61 Or. 17, 19, 119 P. 485, 624; 55 Am. Jur., Vendor and Purchaser, p. 502, § 32. There was, however, no withdrawal of the offer in the case at bar.

■ No time having been specified for the exercise of the option, the law implies a reasonable time. 49 Am. Jur., Specific Performance, p. 41, § 27; *Mossie v. Cyrus,* supra, at p. 20; *Collins v. Keller,* supra, p. 172; *Leadbetter v. Price,* 103 Or. 222, 236, 202 P. 104. What is a reasonable time in such cases depends upon the facts and circumstances disclosed by the evidence and having a bearing upon what period was reasonably within the contemplation of the parties. *Leadbetter v. Price,* supra, at p. 237.

■ It appears from the evidence that in November, 1942, the financial situation of the Calapooya Lumber Co. partnership was bad. Some of its creditors were pressing for payment, and the timber and lumber markets were in a very depressed state. The projected sale to Aspinwall was undertaken in order to raise money. The tract involved was timber land. Mr. Aspinwall was in the logging and sawmill business in the same community in which Calapooya Lumber Co. operated. He was certainly aware of adverse market conditions affecting that business. He must have known that the optionor would not willingly tie up a tract of timber land for an indefinite time upon a deposit of a paltry one hundred dollars. During the period of the option, the optionor was obliged to carry the land at its own risk and expense. The risk of loss by fire was un-

doubtedly considerable. The optionor also was obliged to pay the taxes and to patrol the land to guard against fire and trespass. Under all the circumstances, no time being stipulated, we hold that the parties could reasonably have contemplated that the option should continue for only a brief period. 1 Restatement, Contracts, pp. 47, 48, § 40. Certainly, six years was entirely unreasonable.

Whether or not Mr. Aspinwall was justified in rejecting the deed which was tenderd him, the evidence is undisputed that neither he nor the plaintiff ever made any tender of the balance of the purchase price or any demand for a deed. Before the optionee may bring a suit for specific performance he must clearly, explicitly, and unequivocally, within the time specified, communicate to the optionor his acceptance of the offer contained in the option. *Sprague v. Schotte,* supra, 48 Or. 609, 610, 87 P. 1046; *Friendly v. Elwert,* supra, 57 Or. 599, 609, 610, 105 P. 404, 111 P. 690, 112 P. 1085, Ann. Cas. 1913A 357; *Davis v. Brigham,* 56 Or. 41, 47, 107 P. 961, Ann. Cas. 1912B 1340; *Collins v. Keller,* supra, 62 Or. 169, 170, 124 P. 681; *First Sec. Co. v. American Hecolite Denture Corporation,* 153 Or. 499, 506, 56 P. 2d 339; *Leadbetter v. Price,* supra, 103 Or. 222, 234, 202 P. 104; *Strong v. Moore,* supra, 105 Or. 12, 22, 207 P. 179, 23 A. L. R., 1217. In the case at bar, of course, acceptance would be evidenced by payment or tender of the balance of the purchase price. *Kingsley v. Kressly,* supra, 60 Or. 167, 172, 111 P. 385, 118 P. 678, Ann. Cas. 1913E 746. The giving of a warranty deed by the optionor and the payment of the balance of the purchase price by the optionee were concurrent or mutually dependent conditions. Before the optionee could put the optionor in default in the

premises, it was necessary for him to tender performance on his part. *Powell v. Dayton, Sheridan & Grande Ronde R. R. Co.,* 14 Or. 356, 358, 360, 12 P. 665; *Smith v. Martin,* 94 Or. 132, 146, 185 P. 236; 55 Am. Jur., Vendor and Purchaser, p. 578, § 102, p. 579, § 103, p. 580, § 104; Pomeroy, Specific Performance, 3rd Ed., p. 774, § 363. The fact that the optionor, before the optionee had exercised the option, tendered to the optionee a deed with rights of way reserved, was no proof that, if the optionee had made thereafter a timely and sufficient tender of the balance of the purchase price, the optionor would not then have given him a proper deed. Counsel, on oral argument, cited *Buckman v. Hill Military Academy,* 190 Or. 194, 223 P. 2d 172, in this connection, to the point, as we understood him, that failure of a party to an agreement to perform an act which is a prerequisite to requirement of performance of an act by the other party will absolve the other party from performance. His theory is that the tender of an insufficient deed by the optionor was in effect a repudiation of the contract, and that tender by the optionee of the balance of the purchase price thereafter would have been a vain gesture. But the optionor was not required to tender a deed in advance of exercise of the option. His act in so doing was certainly not a "repudiation of the contract, and an absolute and positive denial of any and all duties under it". *Clarno v. Grayson,* 30 Or. 111, 126, 46 P. 426. It was still incumbent upon the optionee to pay or at least tender payment of the price in order to put the optionor in default.

■ In 1945 Mr. Aspinwall, being in poor health and desirous of retiring from the lumber industry, sold and disposed of his sawmill, his logging equipment, and his timber holdings in the Brownsville territory. He

removed with his family to the vicinity of Gleneden, on the Oregon coast. At that time, according to plaintiff's testimony, they did not consider the property involved in the present suit as being of much value. Although Mrs. Aspinwall had known of the option at the time when it was given, and was aware, when she administered upon her husband's estate, that it had not been exercised, she did not include it in the estate inventory. In the latter part of 1944, or early in 1945, the value of timber land in the vicinity of the tract involved herein had begun to rise. Mrs. Aspinwall, in December, 1947, decided that the property had some value, but even then she made no demand upon the defendants for a deed. In our opinion, the defendants were justified in inferring from the prolonged inaction of the optionee, and of the plaintiff, in the face of a great and rapid increase in the value of the property, that the option had been abandoned. *Collins v. Keller,* supra, 62 Or. 169, 170, 172, 124 P. 681; *Losei Realty Corporation v. City of New York,* 254 N. Y. 41, 171 N. E. 899, 902; *Lohn v. Fletcher Oil Co., Inc.,* 38 Cal. App. (2d) 26, 100 P. 2d 505, 507; *Vidal v. Transcontinental & Western Air, Inc.,* 34 F. Supp. 955, 962; 1 Restatement, Contracts, p. 45, § 36.

■ Moreover, we think that plaintiff's delay in seeking to exercise the option constituted inexcusable laches, and is a bar to specific performance. 49 Am. Jur., Specific Performance, p. 90, § 74; Annotation, 65 A. L. R. 53. It is true that delay, in order to constitute laches, must have been such as has worked to the injury of the other party. We think that injury in the present case may be inferred from the fact that the defendants were required to carry the property for an unreasonable time at their own risk and expense. Specific per-

formance of the option after such long delay would be inequitable and unjust. *City of Pendleton v. Holman,* 177 Or. 532, 547, 164 P. 2d 434, 162 A. L. R. 249; *McCabe v. Matthews,* 155 U. S. 550, 555, 39 L. Ed. 256, 15 S. Ct. 190; *Findley v. Koch,* 126 Iowa 131, 135, 101 N. W. 766; *Boardman v. Bubert,* 325 Ill. 38, 155 N. E. 784, 786; *State of Oregon v. Warner Valley Stock Co.,* 56 Or. 283, 300, 106 P. 780, 108 P. 861; *Collins v. Keller,* supra, at page 172; *Anderson v. Luther Mining Co.,* 70 Minn. 23, 72 N. W. 820, 822; 49 Am. Jur., Specific Performance, p. 93, § 76; Annotation, 65 A. L. R. p. 75.

For all of the foregoing reasons we think that the circuit court rightly determined that the equities of the case were with the defendants.

The decree appealed from is affirmed, but without costs to any party.