GEORGE SCHWEITZER et al., complainants-appellants,

*v.*

NATIONAL HOUSE AND FARMS ASSOCIATION, INC., defendant-respondent.

[Submitted March term, 1922.    Decided June 19th, 1922.]

1. The bill of complaint filed in this case was founded upon a contract to sell a plot of land and build a bungalow thereon. The prayer of the bill was—*first*, specific performance; *second*, rescission of the contract; *third*, reformation of the contract; *fourth*, return of the money paid under the contract in installments. The bill was stricken out and dismissed, on notice.—*Held*, not error.

2. For a breach of contract and nothing more, the law courts have exclusive jurisdiction.

On appeal from a decree of the court of chancery.

*Messrs. Treacy & Milton,* for the appellants.

*Mr. John E. Toolan,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

In this case an amended bill of complaint was struck out and dismissed, on notice, by an order advised by Vice-Chancellor Griffin. We think the order of the court of chancery should be affirmed. The bill of complaint is founded upon a contract for the sale of a lot or plot of land, known as No. 34 on a "Map of Model Farm Colony." The land is located in the township of Piscataway, in the county of Middlesex, New Jersey. The plot of land is seventy-five feet front and four hundred and five feet in depth. The contract is dated November 28th, 1919. In addition to providing for the sale, it also provides, for the completion of a bungalow then being

erected similar to the one next door, which the purchaser has inspected. The payments to be made by installments. The bill of complaint charges fraud in making of the contract; fraud in failing to build a bungalow of the proper material in a workmanlike manner. The bill alleges the complainants were defrauded by the defendant when they were induced to sign the contract without the complainants having the benefit of independent advice. But they are willing that the contract should be rescinded and the moneys paid on account be returned. The prayer of the bill of complaint is, *first,* the defendant specifically perform its contract; *second,* the contract be rescinded; *third,* the contract be reformed; *fourth,* the true value of the lot and bungalow be ascertained, a sum of money representing the difference between the real value thus ascertained and the contract price be refunded to the complainants. The contract, as stated, was dated on November 28th, 1919. The complainants allege in the bill they took possession of the premises some time in March, 1920. They made several payments of the installments. Such payments, however, ceased after November, 1920. The bill of complaint was filed October 10th, 1921, while the complainants were still in possession of the premises.

From the allegations in the bill, the various prayers for relief, which are somewhat inconsistent, and the argument in the appellants' brief, it is not quite clear to us what form of relief the complainants really want. We think they are not entitled to have any of them. The bill does not state a case for specific performance; the complainants cannot rescind, because they did not act promptly after discovering the alleged fraud and mistake and offer to turn back the property. The facts set forth in the bill of complaint are not sufficient for a reformation of the contract. It would not be equitable to compel the defendant to return the money received and take the property, after an occupancy of the premises by the complainants for nearly a year, without any payments under the terms of the contract. A general charge of fraud is not sufficient, but the facts constituting the fraud must be set forth. *Woglom* v. *Kant, 69 N. J. Eq. 495.* The order of the court of chancery was not error. It should be affirmed. The purchasers, as stated, took posses-

sion. The bungalow was built, although, they allege not according to the contract. The complainants stopped paying and did nothing except occupy the premises for nearly a year. They cannot delay that long and allow the defendant to go on with the building of the bungalow, then say they are dissatisfied with it. If they have paid money on the contract, it is too late for the complainants to withdraw. The facts set forth in the bill of complaint allege a breach of contract. The appellants had perhaps a remedy by a suit at law, for the breach of a contract, in which damages could be assessed if proved. But for a breach of contract and nothing more, the law courts have exclusive jurisdiction. *Sternberg* v. *O'Brien, 48 N. J. Eq. 374.*

The decree of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—14.

*For reversal*—None.