This is a suit for specific performance of a contract to convey real estate. Before the time fixed for the conveyance, the vendor agreed to erect on the premises a dwelling in accordance with plans and specifications attached to the contract. It was agreed that the bulk of the purchase price should be paid by a Federal Housing Administration mortgage and it was further provided:
"The approval by the lending institution which makes the mortgage aforesaid or the Federal Housing Administration upon completion, shall be deemed for all purposes of this contract full compliance by the seller with the plans and specifications aforementioned." *Page 39 
On August 14th, 1941, the building was not entirely completed and had not been finally approved by the Federal Housing Administration. On that day complainants moved into the premises and executed a lease to be in effect until the building should be completed and the approval obtained so as to perfect the requirements for the mortgage. On September 20th, 1941, the Federal Housing Administration issued a certificate that the building had been completed and approved the mortgage. On September 25th, 1941, the Prudential Insurance Company, to whom the mortgage was to be placed, also approved the loan. On September 29th, 1941, the vendor tendered a deed and a check for $5,800, the amount of the mortgage, but the vendees refused to consummate the contract by acceptance of the deed and execution of the mortgage.
At the hearing complainants offered testimony intending to show that the building was not completed according to the contract and that the dwelling could be finished in accordance with the plans and specifications only at a cost of approximately $1,500. Defendants on the other hand offered testimony tending to show that the variations from the contract were of minor moment and that correction of these defects would not cost more than $100.
Complainants pray that defendant be decreed to execute a deed to complainants for the premises with the deduction from the purchase price of the sum they claim is necessary to complete the building and that the lease executed by them be vacated. This court has always been very loath to pass on questions involving building contracts. Armour v. Connolly, 49 Atl. Rep. 1117, the court says:
"Contracts for building or construction will not be enforced in specie, and that the rule finds its essential foundation in the difficulties attendant upon the efforts to enforce and adequately supervise the execution of such decrees, such difficulties emanating from the impracticability of supervision, from the numerous questions which necessarily arise pending or at the conclusion of the enforced work, from the necessary ascertainment of substantial performance, from the extent to which defective performance may be excused and what compensation, if any, may be made for deficiencies, and these *Page 40 
difficulties are enlarged and intensified in all cases in which the performance of the contract involves the exercise of skill, judgment and technical knowledge."
Schweitzer v. National House and Farms Association, 93 N.J. Eq. 644.
While it is true that the contract in the present suit is not strictly a building contract, but is technically one for the sale of real estate with a building to be erected on it, the difficulties attendant upon enforcement on the contract are the same as though it were a pure building contract. In my opinion, the complainants should be limited to an action at law for damages for any failure to carry out the contract.
In addition, complainants are barred from a recovery by the provision in the original agreement of sale to the effect that a certificate of lending authority of compliance with the specifications and approval of the loan should be conclusive as to the carrying out of the contract. Not only that, but there was inserted in the lease executed on August 14th, 1941, a statement that the vendees acknowledged that the building had been fully completed in all respects in accordance with the terms of the aforesaid contract.
Under the circumstances complainants are not entitled to specific performance and the bill will be dismissed.