Argued October 9, 1969, affirmed April 8, 1970

OLSON, *Respondent, v.* ROOP ET AL,
*Appellants.*

467 P. 2d 437

*Norma Paulus,* Salem, argued the cause for appellants. With her on the briefs was William M. Gehlen, Stayton.

*Dale Pierson,* Salem, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,[*] DENECKE and HOLMAN, Justices.

HOLMAN, J.

This was a suit by a builder to foreclose a mechanic's lien arising out of labor and materials furnished for the construction of a house for defendants. The trial court denied the lien but entered a judgment for plaintiff for certain specified items for which the court found that no payment had been made. Defendants appeal upon the ground that the lien was not valid and, therefore, no authority remained pursuant to which a court of equity could give legal relief in the form of a money judgment.

Plaintiff does not contest the court's ruling concerning the inadequacy of his lien, nor do defendants contend there was insufficient evidence to sustain the judgment. The only question is whether, when the lien failed, equity retained authority to determine the legal issues and to enter a judgment.

■■ The law in this state concerning the authority

---

[*] Goodwin, J., resigned December 19, 1969.

of a court of equity in such circumstances was, for many years, in a condition of considerable confusion. Without attempting to enumerate all of the many cases bearing upon the subject, it can be said as a general rule that equitable rights must be both averred and proved before purely legal rights will be determined by a court of equity. *Walker v. Mackey et al*, 197 Or 197, 211, 251 P2d 118, 253 P2d 280 (1953); *Ward v. Town Tavern et al*, 191 Or 1, 38-39, 228 P2d 216, 42 ALR2d 662 (1951); *Oregon Growers' Co-op. Assn. v. Riddle*, 116 Or 562, 569, 241 P 1011 (1926). It has also been recognized in many cases that a party may waive the equity court's lack of authority and submit himself to a determination of the legal issues by the equity court. After all, the only material difference is whether a jury or a judge decides the facts because the same person is the judge, whether at law or at equity. A party may certainly waive a jury.

■ The dispute in the past has arisen principally over what constitutes a waiver of the court's lack of authority. This court has held many times that asking for affirmative relief and proceeding to try the issues without any objection constituted a sufficient waiver by a defendant. *Ward v. Town Tavern et al, supra* at 40; *Oldenburg v. Claggett*, 142 Or 238, 241-42, 20 P2d 234 (1933); *Hansen v. Bogan*, 127 Or 399, 403, 272 P 668 (1928). However, in *Winkleman v. Ore.-Wash. Plywood Co.*, 240 Or 1, 10, 399 P2d 402 (1965), we, finally, clearly held that a jury trial is waived by defendant's failure, at the completion of plaintiff's case in chief, to request that the case be transferred to the law side of the court for a jury trial. *See also Ward v. Town Tavern et al, supra* at 38, and *Topolos v. Skotheim et al*, 126 Or 683, 693, 250 P 235, 270 P 753 (1928). We believe this rule to be an eminently

fair one, which adequately protects the right of a jury trial and at the same time avoids repetitious trials resulting from a change of heart after an adverse result is known.

■■ We must now determine whether defendants adequately protected their right to a jury trial under the above rule. At the completion of plaintiff's case, defendants made the following motion:

> "* * * And upon the plaintiff now resting his case, the defendants, Mr. and Mrs. Roop, would move the court for an involuntary nonsuit on the basis and on the ground that the lien and the items mentioned on it, first were erroneous, and in at least four instances on this list were items which had been fully paid and paid by the person against whom the lien was sought. There is no dispute in the evidence that the plaintiff here did not complete the contract, but there is a contention made, a very vague contention made as to certain extras that were supposed to have been over and above the contract. The plaintiff is quick to state that he did not complete the terms of the contract, but that these matters in this proceeding here are extras over and above it.

> "Now, Your Honor, so we start with this premise (1) that the involuntary nonsuit—I am going to ask for it on three grounds. No. 1, that the matters for which the plaintiff is claiming this lien, this lien foreclosure, are wrong, voidable, vague, and were and are wrong. (2) That the items that are mentioned in the lien foreclosure arise out of a contract, supposed contract, which was never completed by the plaintiff, and further that the plaintiff allowed a mechanic's lien or labor lien to be applied or filed against this same job, which he did not finish.

> "I think the law is clear that where a person, and also on the third ground, there has been an

> intentional misstating of the money or the moneys
> due, even under these items which I contend were
> extras, and I call it to the court's attention because
> I feel that the window casings and surrounds, and
> the matter relating to the shower, and the matter
> relating to the building, and, certainly, to the mat-
> ter relating to the labor lien, which was subse-
> quently paid, were—There was ample time for
> them to be corrected, and I think the fact he didn't
> complete the contract on the second time and al-
> lowed this lien to be filed, the law is clear that this
> defeats them, and also the fact that the items
> claimed are so vague and so meticulously put down,
> I don't think the lien will stand. For that reason
> I move for an involuntary nonsuit."

We see nothing in defendants' motion which apprises
the trial court that defendants were objecting to the
court's authority to determine all issues because of the
lack of equitable cognizance and a jury trial. One of
the issues under the pleadings was whether defend-
ants were indebted to plaintiff. After the motion was
denied, defendants proceeded to submit their evidence
on the issues without further objection. The follow-
ing language from *Ward v. Town Tavern et al, supra,*
is particularly appropriate:

> "* * * Notwithstanding the fact that the de-
> fendant's motion deemed the lien invalid, it did not
> ask that the cause be transferred to the law side of
> the court and that it be tried from there on as a
> law action. We add that after defendant had be-
> come satisfied from the evidence that the lien was
> invalid, it did not object to the jurisdiction of equity
> over the remaining phases of the controversy." 191
> Or at 38.

It should be recognized, of course, that there is no
such thing as a motion for an involuntary nonsuit in
an equity case. Also, pursuant to ORS 16.460 (3),

the motion should have been to transfer the case to the law side of the court rather than one to dismiss.

We hold that the defendants waived the lack of equitable cognizance and a jury trial. The judgment of the trial court is affirmed.