Argued July 8, affirmed September 22, 1971

SHEPHERD, *Appellant, v.* GASS ET AL, *Respondents.*

488 P2d 1180

*Roderick W. Kitson,* Portland, argued the cause for appellant. On the brief were Rader & Kitson, and Alan C. Bonebrake, Portland.

*Fred A. Anderson,* Tigard, argued the cause for respondents. With him on the brief were Anderson & Dittman, Tigard.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

This is a suit in equity by a contractor to determine the amount due on a lien claimed by him for the

construction of an apartment house for defendants Gass and Van Dolah and foreclosing that lien. Plaintiff appeals from a decree which denied plaintiff's claim of lien and dismissed plaintiff's complaint.

On this appeal plaintiff contends that the trial court erred in denying plaintiff's claim of lien because: (1) approval of the work by Equitable Savings & Loan Assoc. was agreed upon by the parties as conclusive upon the owners, so as to bar defendants' claim of faulty performance, and (2) findings of fact by the court that plaintiff willfully and intentionally departed from the plans and specifications for construction of the building, without defendants' consent, are not supported by substantial evidence, but are contrary to the evidence.

■ In support of the first of these assignments of error plaintiff cites cases holding that the parties to a construction contract may stipulate that approval of the contractor's performance by a third person, such as an architect, is to be binding upon the parties. The contracts involved in those cases clearly provided that such approval was to be binding upon the parties as compliance with the contract plans and specifications.[1] Upon examination of the contract in this case, however, together with the testimony relating to the circumstances under which it was made, it appears that the primary purpose of the provision for approval by Equitable Savings and Loan Assoc. was to protect its own security interest as the lending agency against the filing of liens, rather than to authorize and

---

[1] Vanderhoof v. Shell, 42 Or 578, 585, 72 P 126 (1903), and Carlson v. Len Home Builders, 132 NJEq 38, 26 A2d 576, 577 (1942). See also Koppelman v. Raritan Homes, 31 NJ Super 454, 107 A2d 18, 19 (1954); and Sweeney v. United States, 109 US 618, 620, 3 S Ct 344, 27 L ed 1053 (1883).

delegate to it the power to act for the owners in determining whether all work had been performed in accordance with the contract plans and specifications.[2]

In support of plaintiff's second assignment of error plaintiff contends that the trial court erred in denying his claim to a mechanic's lien because the findings of fact by the trial court relating to what it found to be plaintiff's willful and intentional departure from the contract plans and specifications, without defendants' consent, are "clearly erroneous" in that they "run counter to the physical and documentary evidence and strain credibility."

■ We have examined the evidence relating to each and all of these findings. Although some of the testimony is contradictory, we conclude that most, if not all, of such findings are supported by a preponderance of evidence and agree with the decision of the trial court that because of intentional and substantial deviations from the contract plans and specifications, plaintiff is not entitled to foreclose a mechanic's lien on the apartment building. *Culver v. Rendahl et ux,* 211 Or 682, 697, 318 P2d 275 (1957); *Birkemeier v.*

---

[2] The contract provisions in question are as follows:

"ARTICLE 4. * * * Owner agrees to pay 90% of each sub-contractor, labor, invoice and materialmen's invoice submitted prior to the 15th of each month, subject to approval and payment by Equitable Savings and Loan Association.

"ARTICLE 5. ACCEPTANCE AND FINAL PAYMENT— Final payment shall be due sixty days after completion of the work, provided the contract be then fully performed, subject to the provisions of Article 16 of the General Conditions. If the contractor shall furnish the owner *lien waivers* covering all sub-contractors, materialmen and laborers performed on the job prior to the 60 day period, the remaining balance shall be paid at the time said lien waivers are filed, and upon approval and payment by Equitable Savings and Loan Association." (Emphasis added)

*Knobel et ux,* 149 Or 292, 308, 40 P2d 694 (1935); and *Pippy v. Winslow,* 62 Or 219, 222, 125 P 298 (1912).[9]

Plaintiff's final contention is that the trial court erred in dismissing plaintiff's complaint upon the denial of lien claimed by him, instead of transferring the case to the law side of the court for determination by a jury of the amount due for the work performed by him. In support of this contention plaintiff relies upon ORS 88.010, which provides that in a suit to foreclose such a lien if a promissory note or other personal obligation has been given "[T]he court also shall decree a recovery of the amount of the debt * * * as in the case of an ordinary decree for the recovery of money." Plaintiff also refers to decisions by this court as holding that when the right to such a lien is denied "and there is no element of waiver of equity jurisdiction," the case should be transferred to the law side of the court for jury trial on the issue of the amount of the debt, citing *Ward v. Town Tavern et al,* 191 Or 1, 35, 228 P2d 216 (1951); *Barber, Trustee v. Henry et al,* 197 Or 172, 252 P2d 802 (1953); and *Olson v. Roop,* 255 Or 368, 467 P2d 437 (1970). See also *Yellow Mfg. Accept. Corp. v. Bristol,* 193 Or 24, 43, 236 P2d 939 (1951).

In response, and in support of the trial court's

---

[9] Plaintiff contends, in the alternative, that the evidence shows good faith and substantial performance on his part, with the result that he is still entitled to a lien for the contract price, less deduction for any defects and omissions. Finding, as we do, however, that at least some of such "defects and omissions" were willful and deliberate, we also find that the evidence does not support plaintiff's contention of a good faith attempt to construct the building according to the contract plans and specifications.

For this reason, it is unnecessary to consider plaintiff's further contention that the joinder of lienable with nonlienable items is not a defense in a suit by a general contractor to enforce a lien for payment of the contract price, which, again, presupposes good faith and substantial performance of the contract.

dismissal of the complaint, defendant contends (1) that upon denial of the lien claimed by plaintiff there were no legal issues remaining for transfer to the law side of the court because defendants' affirmative counterclaim for damages for breach of contract had been stricken on plaintiff's motion, forcing defendants to file a separate action at law for such damages as their only recourse,[*] and (2) that the record does not disclose any motion by either party to transfer the case to the law side of the court, with the result that plaintiff has waived any right to demand such a transfer.

■ The first of these contentions by defendant must be rejected because defendants, in addition to their counterclaim for damages, denied the allegations of plaintiff's complaint and alleged failure of performance as an affirmative defense. Although the issues arising from such pleadings could have been decided by a court of equity upon waiver of a transfer of the case to the law side of the court, they were also issues which, in the absence of a waiver, were properly subject to such a transfer.

■ In addition, ORS 88.010 specifically provides that in a suit to foreclose such a lien, if a promissory note or other personal obligation has been given (such as the obligation undertaken by the contract in this case), the court shall decree a recovery of the amount of the debt (if any) as in an ordinary decree for the recovery of money. It follows that defendants' second contention relating to plaintiff's waiver of the right to a trial by jury also does not justify a dismissal of

---

[*] This was apparently done in reliance upon authority that only matters of equitable cognizance could be pleaded in such a case. See Wiggins v. Hendrickson et ux, 191 Or 285, 288, 229 P2d 652 (1951).

plaintiff's complaint, but goes only to the question whether a determination of the amount due, if any, must be made by the trial judge, as a court of equity, or by a jury, after transfer of the case to the law side of the court.

In *Olson v. Roop, supra,* we held (at p 370) that "[A] jury trial is waived by *defendant's* failure, at the completion of plaintiff's case in chief, to request that the case be transferred to the law side of the court for a jury trial." In this case, defendants made no such motion and have stated their willingness to dismiss their separate action at law if plaintiff will stipulate that defendants may refile their original counterclaim for damages in this case and submit all remaining issues for determination by the trial court, sitting as a court of equity, without a jury.

Plaintiff, however, demands a trial by jury "on the issue of indebtedness" and it is not clear whether plaintiff would now agree that this issue would include defendants' counterclaim for damages, which was originally removed from the case on plaintiff's motion to strike. Thus, plaintiff's position, if sustained, would apparently require two further and separate jury trials, which could hardly be consolidated for trial due to the difference in parties in the two cases, in which the same parties would be plaintiffs and defendants in each of the two cases.

The trial judge first expressed the tentative opinion that a decree of dismissal would be improper and that the case should be transferred to the law side for trial and requested argument on that question. Upon further hearing, however, the trial judge, after considering the dilemma presented in this case, held that "In effect the legal issues have already been transferred to the law side of the court by the de-

fendant(s) filing a separate legal action" and that "Under [these] circumstances a decree should be entered in this case denying plaintiff's lien claim and dismissing plaintiff's complaint."

It may be that the failure of a plaintiff, as well as a defendant, in such a case to make a formal motion or request on the record that issues such as the amount due to the contractor, if any, be transferred to the law side of the court and tried there as in an action at law before a jury should be regarded as a waiver of that right. Indeed, it may be contended that a plaintiff who, as in this case, has filed a suit in equity to enforce a defective lien and then, after disallowance of the lien, has contended that by reason of ORS 88.010 the court should nevertheless determine the amount due, cannot properly contend, at the same time, that the case should then be transferred to the law side of the court for trial by jury on that question.

Since, however, the trial judge, in this case, had previously indicated an intention to transfer the case to the law side for jury trial and since plaintiff's counsel later informed the court by written memorandum that plaintiff "does not desire to waive a jury trial," we prefer not to decide these questions at this time, at least in their application to the facts and circumstances of this case. And, in any event, a determination of such questions adversely to the plaintiff would not resolve the further question whether the trial court, as a court of equity, would then have jurisdiction to reinstate defendants' counterclaim for damages and to try all of such remaining issues in this case. Cf. *Wiggins v. Hendrickson, supra.*

Instead, we hold that any error by the trial judge in dismissing plaintiff's complaint was not

prejudicial to plaintiff under the facts and circumstances of this case, because we agree with the trial judge that the effect of the filing of the second case by defendant has been to transfer the case to the law side of the court in the sense that a means has been provided by which plaintiff can have the remaining issues in this case decided in a trial before a jury. These issues include both the question of what, if any, remaining amount is due and unpaid on the construction contract[5] and also the question raised by defendants' original counterclaim whether they are entitled to damages for breach of that contract by plaintiff and, if so, in what amount.[6]

On the contrary, if any of the parties was prejudiced by such a determination it was the defendants Gass and Van Dolah, who had moved to reinstate their previous counterclaim for damages and to have all of such issues determined in this case by the trial judge, sitting as a court of equity. Although defendants have stated on this appeal their continued preference for such a procedure, they filed no cross-appeal in this case and have not assigned as error the failure of the trial court to grant that motion. Instead, defendants now ask that the trial court's decree be affirmed.

For all these reasons, we affirm the final judgment and decree of the trial court, without costs to either party.

Affirmed.

---

[5] The record shows that plaintiff seeks recovery of $15,139 as the balance due of an "agreed price" of $151,800.

[6] The record also shows that defendants seek $48,000 in damages for plaintiff's failure to conform to the contract plans and specifications, plus $25 per day as liquidated damages until the completion of construction in accordance with the contract.