Argued and submitted February 11, affirmed April 7, 1980

## ANAHEIM COMPANY,
*Appellant,*
*v.*
## ELLIOTT,
*Respondent.*

## (No. 77-2211, CA 16307)

609 P2d 382

[597]

David Brewer, Eugene, argued the cause for appellant. With him on the briefs was Lombard, Gardner, Honsowetz, Johnnson & Brewer, Eugene.

Harold D. Gillis, Eugene, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

Plaintiff, a corporation, appeals from a decree which dismissed its suit for foreclosure of a mortgage on real property of defendant, directed it to make appropriate filings to release the property from the lien of the recorded mortgage instruments and awarded attorney's fees to defendant. We affirm.

The parties disagree about most of the facts. However, they agree about one critical fact—that the documents which plaintiff referred to in its pleadings and introduced into evidence did not reflect any agreement between them. The documents were, first, a sales agreement whereby plaintiff was to sell equipment to defendant for a purchase price of $356,400 and to loan defendant an additional $20,000; and, second, a mortgage securing defendant's payment of the amounts due plaintiff under the sales agreement. According to plaintiff, those documents do not accurately reflect what the parties agreed to because the equipment sale was "fictitious," and was apparently designed to create a sham encumbrance on defendant's property to protect it against creditors. According to defendant, no sales transaction—sham or otherwise—was contemplated by the parties, and the documents in evidence were produced by plaintiff's substituting pages for those in different documents which plaintiff's president had originally prepared and submitted to defendant for review. Defendant testified that, before the substitution of pages, the documents submitted to him provided that plaintiff would loan defendant *up to* $376,400, of which $20,000 was loaned in advance, and the mortgage was to secure amounts *actually* loaned. Defendant's testimony was supported by other witnesses.

Plaintiff's complaint states three causes of action or suit: first, the cause for foreclosure; second, a cause of action alleging that defendant breached an express contract to repay the $20,000 loan; and third, a cause of action alleging defendant's failure to repay the

[599]

$20,000 loan upon demand. Defendant denied plaintiff's allegations and counterclaimed, seeking (among other relief) cancellation of the mortgage and damages.

At the beginning of trial, the following colloquy took place between the court and counsel:

> "THE COURT: Do you want to do this in one day?
>
> "MR. BREWER [plaintiff's counsel]: I don't think we can try the whole thing in one day. However, I have discussed this with Mr. Gillis [defendant's counsel], and we both believe that the mortgage foreclosure which is the equitable portion should be tried to the Court first because in the event that the mortgage is foreclosed, the other issues will have become moot.
>
> "THE COURT: Why don't we try the mortgage foreclosure and I will excuse the jurors, and if and when we finish that we will talk about where we go next. But we won't have any jurors to start anything with a jury today.
>
> "MR. BREWER: That's right, that is my understanding.
>
> "THE COURT: Is that agreeable?
>
> "MR. GILLIS: Yes. And I had notified the calendar clerk yesterday that we had agreed to do that, that we would try the equity foreclosure first so we will not need jurors."

After trial, the court informed the parties by letter opinion that it would deny foreclosure, but that plaintiff was entitled to judgment for its $20,000 loan to defendant plus interest. However, the court subsequently wrote a second letter to counsel, advising that it had been mistaken in "going beyond a ruling on the foreclosure of the mortgage," and that the parties should consult the calendar clerk about a trial setting for the "legal aspects of the case." Thereafter, the court entered the decree from which plaintiff appeals.

Plaintiff does not contend that the trial court erred in denying the foreclosure sought through plaintiff's first cause of suit. Plaintiff argues that the trial court

erred in five other respects: first, by failing to give plaintiff judgment for the underlying $20,000 debt, in accordance with plaintiff's second and third causes of action; second, by failing to enter judgment for plaintiff for the underlying debt, in light of defendant's purported waiver of a jury trial on the issue; third, by dismissing plaintiff's suit "rather than transferring the case to the law side of the court" for disposition of the second and third causes of action; fourth, by ordering cancellation of record of the mortgage without requiring defendant to make restitution of the $20,000 debt; and fifth, by awarding attorney's fees.

The first two arguments are interrelated. The arguments are based on the proposition that an equity court which denies foreclosure of a mortgage or lien is required to rule on the legal question of whether the plaintiff is entitled to judgment for the underlying debt, if that question is raised by the pleadings and if, as plaintiff contends was the case here, the sum of the debt is undisputed or the defendant has waived a jury trial on the question. Plaintiff relies on *Ward v. Town Tavern et al.,* 191 Or 1, 228 P2d 216, 42 ALR2d 662 (1951); *cf. Olson v. Roop,* 255 Or 368, 467 P2d 437 (1970). *Ward* is not apposite. The Supreme Court there stated:

> "* * * [T]he defendant, although contending that the lien was invalid, with the consequent unmentioned result that equity had no jurisdiction over the cause, did not ask the chancellor to vacate the bench, but requested him to determine the merits of plaintiff's demand for judgment. * * *" 191 Or at 40.

*See, also, Olson v. Roop, supra,* 255 Or at 370. Conversely, as shown by the discussion between the court and counsel quoted above, the parties in this case agreed that the only issue which would be considered at the hearing was the foreclosure issue raised by plaintiff's first cause of suit. In light of the parties' agreement, the trial court had discretion to limit the hearing to that issue. Former ORS 11.060 provided:

"Upon motion of any party, the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, crossclaim, counterclaim or of any separate issue or of any number of claims, crossclaims, counterclaims or issues."[1]

It follows that the trial court did not err by declining to decide the two causes of action which were not litigated.[2] We reject plaintiff's first and second arguments.[3]

Plaintiff's third argument is that the court should have transferred the case to "the law side" after rejecting the foreclosure remedy, rather than dismissing the suit. The trial court did not dismiss the legal causes of action stated in the complaint. Only the first cause of suit—the equitable cause which was decided by the trial court—was dismissed. Plaintiff's ability to pursue its causes of action to recover the alleged underlying debt was not impaired. It was not error for the trial court to enter a final decree, pursuant to ORS 18.125, disposing of the issue in the case which was separately litigated.

---

[1] ORS 11.060, which was repealed by Oregon Laws 1979, ch 284, § 199, was in effect at the time of trial.

[2] The trial court complied with the requirements of ORS 18.125(1) for entering a final decree "as to one or more but fewer than all of the causes of suit or action." The decree recites that "The Court expressly [determines] that there is no just reason for delay, [and] the Court expressly directs entry of the * * * Final Decree * * *." Cf. ORS 19.010(2)(e).

[3] In terms, plaintiff's second argument is that:

"The court erred in failing to enter judgment in favor of the plaintiff, for the reason that defendant waived his right to trial by jury on plaintiff's claim for the underlying debt."

Because we conclude that the underlying debt issue was not before the trial court for decision in the proceeding below, it would be premature for this court to decide in this appeal whether defendant did waive a jury trial on that issue. We note, however, that plaintiff's contention that defendant waived a jury on the underlying debt issue is based on defendant's putative actions and inactions in the proceeding below, where the issue was not involved.

Plaintiff next argues that the court had no authority to order the release of defendant's property from the lien of the recorded sales agreement and mortgage. Plaintiff relies on text and case authority enunciating the principle that rescission or cancellation of an instrument is not appropriate unless the party benefiting from the rescission makes restitution of any amounts obtained by him in connection with the transaction. That authority is not in point. As evidenced by his letter opinion, the trial judge found—and we find—that there was no agreement between the parties giving rise to a mortgage. At least in cases where the remedy of foreclosure is denied because there is nothing to foreclose, a court of equity clearly has authority to direct that property be relieved of recorded evidence of the sham or nonexistent encumbrances it has declined to foreclose. Plaintiff's contention that it is entitled to restitution is, in essence, a repetition in a different guise of its previously considered proposition that it is entitled to judgment for the underlying debt before the question of whether there is an underlying debt, and in what amount, has been tried.

Plaintiff's final argument is that the trial court's award of attorney's fees to defendant was error. Plaintiff contends that defendant denied signing the mortgage instrument which provides for the award of attorney's fees to the prevailing party, and that defendant is accordingly foreclosed from availing himself of the attorney's fees provision of the instrument. Plaintiff relies on *Pickinpaugh v. Morton,* 268 Or 9, 519 P2d 91 (1974), where the Supreme Court held that a purchaser who successfully sued for rescission of a sales contract could not recover attorney's fees provided for by the rescinded contract. Defendant relies on *Usinger v. Campbell,* 280 Or 751, 572 P2d 1018 (1977). In that case, the plaintiff purchasers sought specific enforcement of an earnest money agreement which provided for the recovery of attorney's fees by the prevailing party in the event of litigation. The defendant, through affirmative defenses, contended that the

agreement was too indefinite to be enforced and that the plaintiffs had failed to perform conditions precedent to the defendant's performance. The Supreme Court affirmed the trial court's dismissal of the complaint and its award of attorney's fees to the defendant, stating:

"* * * *Pickinpaugh* is distinguishable from the case at bar. In that case plaintiff came into court seeking a rescission of the contract. The trial court allowed rescission and this court affirmed. We relied upon 3 H. Black, Rescission and Cancellation § 583 (1916), for the proposition that the plaintiff could not assert that the contract should be rescinded and at the same time rely on a provision therein for the recovery of attorney fees. In this case, the plaintiffs contend there was a contract and ask for specific performance. This requires the defendant to come into court and defend, also relying on the contract by stating that is was not performed in accordance with its terms. Defendant does not disaffirm the contract but relies on the exact terms thereof. Therefore, the provision in the contract providing for attorney fees applies." 280 Or at 759.

As in *Pickinpaugh,* the defendant here sought—through his counterclaim—to rescind the instrument which provided for recovery of attorney's fees by the prevailing party.[4] However, the counterclaim was not tried, and the prayer for rescission of the mortgage is effectively mooted by the dismissal of the cause of suit for foreclosure and by the court's direction that the recorded lien be expunged. As in *Usinger,* the issue which was tried here was plaintiff's claim that a document, which provided for the prevailing party's recovery of attorney's fees, should be enforced. In short, this case is analogous in some respects to *Pickinpaugh* and in other respects to *Usinger.* In light of *Usinger* and *Sipe v. Pearson,* 276 Or 715, 721-22, 556 P2d 654 (1976), we interpret *Pickinpaugh* as being

---

[4] The documents which defendant testified had originally been submitted to him by plaintiff instead of the falsified documents upon which plaintiff sues contained an analogous attorney's fees provision. However, neither party seeks relief based on those original documents.

inapplicable to cases like the present one which are initiated *to enforce* contracts which provide for attorney's fees. We therefore hold that the award was proper.

Affirmed.