Argued and submitted June 19, 1989, affirmed April 4, 1990

# JITNER,
*Appellant,*

*v.*

# GERSCH DEVELOPMENT COMPANY et al,
*Respondents.*

## (A8605-02797; CA A48432)

789 P2d 704

Michael S. Evans, Portland, argued the cause for appellant. With him on the briefs were Gary I. Grenley and Grenley, Rotenberg, Laskowski, Evans & Bragg, P.C., Portland.

G. Kenneth Shiroishi, Portland, argued the cause for respondents. With him on the brief was Dunn, Carney, Allen, Higgins & Tongue, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## DEITS, J.

Plaintiff buyer appeals from the judgment for defendant sellers in this action for breach of a contract for the sale of five multiple-unit residential buildings. The trial court granted defendants' motion for a directed verdict on the ground, *inter alia,* that plaintiff had not performed a number of conditions precedent to defendants' performance, including the tender of earnest money. Plaintiff's first assignment is that the court erred by granting the directed verdict.

■    The parties entered into the contract on February 22, 1986. The initial recital in the instrument was that defendants had received $55,000 from plaintiff in the form of a $50,000 note and a $5,000 personal check, "payable to Ticor Title Insurance Company, to be held uncashed until acceptance of this offer, as deposit on account of purchase price." However, plaintiff did not in fact tender the earnest money at that time. He drew the check and executed the note, but he did not transmit them to defendants. There was evidence that his retention of the check and note was approved by Hoene, a real estate broker who was defendants' agent.

Plaintiff had the right under the contract to disapprove the sale after inspecting the property and after reviewing information that defendants were to furnish him. After plaintiff expressed dissatisfaction with the condition of the buildings, he and defendants began negotiations to modify the contract. The negotiations did not succeed. On May 13, 1986, plaintiff purported to tender the earnest money to Hoene, with a letter that stated:

> "Enclosed is a $5,000 check and a $50,000 note. You are hereby instructed to hold both the check and the note until all contingencies are removed."

Two days later plaintiff brought this action, alleging defendants' nonperformance of the February contract and their prevention of his own performance.[1]

Plaintiff argues that he tendered the earnest money,

---

[1] The original complaint was for specific performance and misrepresentation, as well as breach of contract. Plaintiff later amended the complaint to state a claim only for the breach.

as required by the contract. He contends that Hoene consented to his retention of the check and note and, also, that there was evidence that his retention of the documents was customary in the brokers' trade. Even assuming the correctness of that argument, however, when plaintiff did transmit the earnest money to Hoene on May 13, his tender did not comply with the contract, which provided that the instruments were to be negotiable after acceptance of the offer. The May 13 tender was conditioned on the removal of "all contingencies."

■ Plaintiff also argues that the contract recites that the earnest money was received and that, therefore, under ORS 42.300, defendants may not refute the recital with evidence that the payment was not in fact received. ORS 42.300 provides:

> "Except for the recital of a consideration, the truth of the facts recited from the recital in a written instrument shall not be denied by the parties thereto, their representatives or successors in interest by a subsequent title."

Plaintiff's argument is not correct, because the disputed fact, whether consideration was given, comes within the exception in the statute "for the recital of a consideration."[2]

■ Plaintiff asserts next that the payment of the earnest money was not a condition precedent to defendants' performance; he reasons that the consideration for the contract was the mutual promises of the parties, including plaintiff's promise to pay earnest money, rather than the performance of those promises. Therefore, plaintiff concludes, there was no failure of consideration, and defendants' sole remedy was to sue him for the earnest money. However, the question in this case is not what remedies are available to defendants, but whether plaintiff failed to discharge a condition precedent to defendants' performance. Under the contract, payment of the earnest money was clearly a condition precedent to the performance of defendants' obligations.

■ Finally, plaintiff contends that defendants failed to perform and thereby frustrated plaintiff's ability to perform

---

[2] It is unnecessary for us to address plaintiff's underlying understanding that ORS 42.300 limits the factual matters that parties to a contract can raise in an action for its breach.

the contract. He argues that his own performance was excused under the doctrine of anticipatory breach. If a party to a contract clearly and unequivocally signifies before his performance is due that he will not perform, the second party has the option of treating the contract as breached and bringing an action, without tendering performance or awaiting the time that the first party's performance would be due. *See Finchum v. Lyons,* 255 Or 216, 221, 465 P2d 708 (1970), and cases there cited. A party's anticipatory breach may excuse the other party's performance, even of conditions precedent to performance by the breaching party. *See* 17 CJS, "Contracts," § 471(1). We find no authority for the proposition, and it would appear doubtful, that a condition precedent can be deemed excused when it necessarily *must* be *performed* before the other party has or even *can* signify an *intention* of nonperformance. Under those circumstances, an actual and essential breach by one party would precede the anticipatory breach he ascribes to the other. Here, plaintiff's tender of the earnest money was due on formation of the contract.

Regardless of that, there was no evidence from which an anticipatory breach by defendants could be found. In *Swick v. Mueller et ux.,* 193 Or 668, 676, 238 P2d 717 (1952), the court stated the general rule:

> "[B]efore a party to an executory contract may be said to have anticipatorily breached the same he must refuse by acts or deeds [to] perform his obligations under the contract positively, unconditionally, unequivocally, distinctly and absolutely."

Nothing in the evidence about the negotiations to modify the contract or the attendant events demonstrated an unconditional and unequivocal manifestation by defendants of an intention not to perform. There was also evidence that defendants failed to provide plaintiff with certain financial and other information required by the agreement. However, that evidence lends no support to a showing of anticipatory breach, because it does not entail a repudiation of the entire contract "or so material a part of it as to go to the essence." 4 *Corbin on Contracts* 918, § 975. Plaintiff failed to perform the condition precedent of tendering the earnest money, and his performance was not excused. We therefore conclude that the trial court was correct in directing the verdict for defendants, and we need not address the other grounds for that ruling.

■ Plaintiff also argues that the court erred by awarding attorney fees to defendants. He asserts that the trial court found that no contract existed and that, therefore, defendants are not entitled to attorney fees. *See John Deere Co. v. Epstein,* 91 Or App 195, 755 P2d 711 (1988), *aff'd* 307 Or 348, 769 P2d 766 (1989); *see also Jitner v. Grant,* 96 Or App 286, 772 P2d 450 (1989). Plaintiff misconstrues the trial court's ruling. The basis for it was not any supposed nonexistence or disaffirmance of the contract, but that plaintiff had failed to perform in accordance with it and therefore could not enforce it. Accordingly, defendants are entitled to attorney fees under the contract. *Usinger v. Campbell,* 280 Or 751, 572 P2d 1018 (1977); *Pastega v. Zwald,* 88 Or App 6, 743 P2d 1151 (1987).[3]

Affirmed.

**NEWMAN, J.,** concurring in the result.

I concur in the result.

---

[3] Our conclusion makes it unnecessary for us to address plaintiff's remaining assignments of error.