Argued and submitted July 31, reversed and remanded November 13, 1996, petition for review denied February 4, 1997 (324 Or 560)

Dewayne BREMER,
dba Bremer Denture Center,
*Respondent,*

*v.*

David SCHROEDER,
*Appellant.*

David SCHROEDER,
*Third-Party Plaintiff,*

*v.*

CENTRAL OREGON LEASING
& MANAGEMENT, INC.,
an active Oregon corporation,
and Eric Nelson,
*Third-Party Defendants.*

(93-CV-0442-TM; CA A90397)

927 P2d 144

John A. Berge argued the cause for appellant. With him on the briefs was Bryant, Lovlien & Jarvis.

Gordon W. Stewart argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

The issue in this case is whether parol evidence is admissible under ORS 42.300 to contradict a statement in a commercial lease whereby the parties acknowledge that payment for the first and last months' rent has been received. We answer that question in the affirmative and reverse.

Plaintiff lessee entered into a commercial lease with defendant lessor for the specified term of July 1, 1991, through July 31, 1993. Pursuant to section 2.1, the lease provided that "[t]he parties acknowledge that the first and last month's rent have been paid upon execution of this Lease."

Plaintiff received notice June 30, 1993, terminating the lease. On July 1, 1993, a rent check was deposited into defendant's leasing account. The parties disagree as to the nature of that check: plaintiff contends that it constituted the rent payment for the month of August 1993; defendant maintains that the check constituted the rent payment for the last month of the lease, July 1993, which plaintiff failed to pay when the parties' executed the lease. On or about August 3, 1993, defendant entered the leased premises, in plaintiff's absence, and removed all of plaintiff's belongings. Plaintiff then brought this action asserting claims for trespass, conversion and intentional interference with prospective economic advantage.

At trial, both parties moved for partial summary judgment. The court denied defendant's motion and entered judgment in favor of plaintiff under ORCP 67 B, based on the following reasoning:

> "As a matter of law, first and last months' rent was paid by plaintiff under his lease. Defendant is precluded from disputing that first and last months' rent was paid under the * * * lease as the lease is clear and unambiguous as to the defendant's receipt of the rent for the last month of the lease and the parol evidence rule precludes extraneous evidence."

On appeal, defendant argues that the lease provision falls squarely within the exception stated in ORS 42.300

and that, therefore, he is entitled to use parol evidence to contradict the recital and to show that plaintiff did not pay the rent for the month of August 1993. Plaintiff responds that the provision at issue falls outside the scope of ORS 42.300 because it is "contractual" in nature and thus is not a "mere recital of consideration." We agree with defendant.

ORS 42.300 provides, in part:

> "Except for the recital of a consideration, the truth of the facts recited from the recital in a written instrument shall not be denied by the parties thereto, their representatives or successors in interest by a subsequent title."

■ It is well settled that the exclusion of parol or extrinsic evidence to contradict written instruments does not apply when the statement in the instrument as to the consideration is simply an acknowledgment of payment or a mere receipt. ORS 42.300; *Biersdorf v. Putnam*, 181 Or 522, 548-49, 182 P2d 992 (1947); *Marks v. Twohy Bros. Co.*, 98 Or 514, 527-28, 194 P 675 (1921) (construing *former* Or Laws 1920, § 798);[1] *Jitner v. Gersch Development Co.*, 101 Or App 220, 223, 789 P2d 704 (1990); Arthur L. Corbin, 3 *Contracts* § 586 at 489-90 (1960); *see also* Annot., *"Contractual" consideration as regards parol-evidence rule*, 100 ALR 20 (1936) (stating rule and discussing the "contractual consideration" exception). Corbin explains the rule:

> "First, it is to be observed that the acknowledgment of receipt is a statement of a fact that is not one of the terms of the agreement. It is no part of an 'integration' of those terms, intended by the parties as a substitute for all antecedent negotiations on the subject matter. It is no more than evidence of certain action by one party in paying and by the other party in receiving payment." Corbin at 489-90.

■ The disputed fact here, whether plaintiff had paid the rent for the month of August 1993, falls squarely within

---

[1] *Former* Oregon Laws 1920, chapter 8, section 798, provided, in part:

"The following presumptions, and no others, are deemed conclusive:

"* * * * *

"3. The truth of the facts recited from the recital in a written instrument, between the parties thereto, their representatives or successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration[.]"

the exception in the statute "for the recital of a consideration." The recital is not a contractual term of the lease: it is neither executory nor promissory in nature—it is not a specific and direct promise of one of the parties to do specific things. Rather, it is in the nature of a receipt—it is simply an acknowledgment of something received. As such, it falls squarely within the exception of ORS 42.300.

Plaintiff's other arguments do not merit discussion.

Reversed and remanded.